IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY D. CHERRY,
    Plaintiff,

vs.                                       5:08cv91/RS/MD

WARDEN HARRIS, WASHINGTON
CORRECTIONAL INSTITUTION,
    Defendants.

---

ORDER and
**REPORT AND RECOMMENDATION**

      Plaintiff initiated this action while he was an inmate of the Florida penal system proceeding pro se, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Middle District of Florida.  The case was transferred to this district, and plaintiff was directed to file a motion for leave to proceed *in forma pauperis* and an amended complaint on the proper Northern District of Florida forms, which he has now done.  It is apparent from the forms, that plaintiff has been released from prison in the interim.  Upon review of plaintiff's motion for leave to proceed *in forma pauperis*, the court finds that leave to so proceed should be granted.

      Plaintiff names Warden Harris of Washington Correctional Institution ("WCI") as the lone defendant in this action.  Plaintiff claims that his Equal Protection rights were violated when he was subjected to second-hand cigarette smoke while incarcerated at WCI. Plaintiff does not allege that he suffered any physical harm, but he seeks $50,000 in compensatory and punitive damages.

      Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious;  (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the amended complaint, it appears this case should be dismissed as malicious.

On page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action? Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (Complaint, p. 3). On the same page of the complaint form in Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no."

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (*id.*, p. 4). On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes" and listed a single case from the Middle District of Florida. (*Id.*). He attached no continuation pages.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7). Thus, plaintiff has in effect stated that he has initiated no other lawsuits in federal court that relate to the fact

or manner of his imprisonment or the conditions of his imprisonment, with the exception of the single Middle District Case.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[1], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[2] Although plaintiff has been released since he initiated this case, the same investigation was conducted in his case.

Upon review of the file and court records, the clerk has advised, and this court may take judicial notice, that plaintiff has previously filed the following cases in the Middle District of Florida:

    Cherry v. Secretary, Dept. of Corrections, 3:06cv1008/HLA closed 1/8/07

    Cherry v. Secretary, Dept. of Corrections, 3:07cv55/TJC, closed 2/8/08 (settled)

    Cherry v. Ray, 3:07cv808/HLA, closed 9/7/07 (failure to state a claim)

    Cherry v. Secretary, Dept. of Corrections, 3:08cv190/HLA, closed 4/3/08 (habeas)

    Cherry v. Harris, 3:08cv271/HLA, closed 3/31/08 (THIS ORIGINAL CASE)

    Cherry v. Rochmore, 8:03cv16/SCB, closed 1/10/03 (habeas)

    Cherry v. Secretary, Dept. of Corrections, 8:06cv573/EAK, closed 2/1/07 (habeas)

    Cherry v. Maye, 8:07cv219/EAK, closed 2/6/07 (failure to state a claim)

    Cherry v. Record Transcript Inc. et al., 8:07cv565/JSM, closed 4/21/08

    Cherry v. Secretary, Dept. of Corrections, 8:08cv627/RAL, closed 4/4/08 (habeas)

---

[1] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

He has also filed the following cases in the Northern District of Florida:

    Cherry v. McDonough, 4:07cv149/MP, closed 6/8/07 (dismissed as frivolous)

    Cherry v. McDonough, 4:07cv445/RH, closed 2/19/08 (habeas)

Although plaintiff failed to list all but one of these cases on the complaint form, a cursory review reveals that these cases deal with matters concerning either the fact or the conditions of plaintiff's imprisonment.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, from reading the complaint form, that disclosure of all prior actions was required and that dismissal of this action may result from his untruthful answers. If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. See, e.g., *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

    Accordingly, it is ORDERED:

    Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 13) is GRANTED. No partial filing fee will be assessed due to plaintiff's release from prison.

    And it is respectfully RECOMMENDED:

    That this cause be dismissed without prejudice as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

At Pensacola, Florida, this 12th day of June, 2008.

s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**